# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KRISTI BUFF-THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-cv-1232-JES-JEH |
| ) | |
| SMITH & NEPHEW, INC., a Delaware ) | |
| Corporation, a/k/a SMITH & NEPHEW ) | |
| Plc and/or SMITH & NEPHEW UK, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| DONALD A. MITZELFELT, M.D., ) | |
| ) | |
| Respondent. ) | |

## ORDER AND OPINION

Now before the Court are Defendant Smith & Nephew, Inc.'s ("SNI") Motion (Doc. 5) to Dismiss for Failure to State a Claim, and Memorandum (Doc. 6) in Support; Plaintiff Thompson's Response (Doc. 9), and Memorandum in Support (Doc. 10); and Respondent Mitzelfelt's Motion (Doc. 7) to Dismiss, and Memorandum (Doc. 8) in Support. For the reasons set forth below, Defendant SNI's Motion (Doc. 5) is GRANTED in part and DENIED in part, and Respondent Mitzelfelt's Motion (Doc. 7) is GRANTED.

### BACKGROUND

Plaintiff Kristi Buff-Thompson filed her Complaint against SNI in state court on March 21, 2019. *See* Doc. 1-3. Thereafter, SNI removed the action to this Court. In her Complaint, Plaintiff alleges that she underwent hip replacement surgery on March 6, 2017. *Id*. at 2. Her surgery was performed by Donald A. Mitzelfelt, M.D., who used a "Smith and Nephew System" as part of the hip replacement procedure. *Id*. Between March 6 and March 21, 2017, Thompson

1

began having difficulty with her hip and had increased pain and discomfort at or near the surgery site. On March 21, 2017, Thompson returned to the hospital complaining of severe pain and discomfort, and Dr. Mitzelfelt performed another surgery on Thompson's hip. At this time, Thompson became aware that SNI's hip replacement system had "a failed femoral head, polyethylene and acetabular shell including its locking mechanism requiring extensive revision." *Id*. at 7. Thompson underwent additional surgeries due to the alleged defect in SNI's hip replacement system.

Count 1 of Plaintiff's Complaint asserts a strict products liability claim against SNI; Count 2 alleges breach of warranty against SNI; Count 3 asserts a negligence claim against SNI. Additionally, under Count 4, Plaintiff designates Donald A. Mitzelfelt, M.D., as a respondent in discovery pursuant to a state procedural statute. *Id*. at 11.

Defendant SNI now moves to dismiss Plaintiff's Complaint for failure to state a claim. *See* Doc. 5 (Motion), Doc. 6 (Memorandum). Additionally, Dr. Mitzelfelt moves for dismissal for lack of subject matter jurisdiction. *See* Doc. 7 (Motion), Doc. 8 (Memorandum). Plaintiff filed a Response to SNI's Motion to Dismiss. *See* Doc. 9 (Response), Doc. 10 (Memorandum). Plaintiff did not respond to Dr. Mitzelfelt's Motion.

**LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) challenges whether a complaint sufficiently states a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). The Court accepts well-pleaded allegations in a complaint as true and draws all permissible inferences in favor of the plaintiff. *See Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015). To survive a motion to dismiss, the complaint must describe the claim in sufficient detail to put defendants on notice as to the nature of the claim and its bases, and it must

plausibly suggest that the plaintiff has a right to relief. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). A complaint need not allege specific facts, but it may not rest entirely on conclusory statements or empty recitations of the elements of the cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## DISCUSSION

**(A) SNI's Motion to Dismiss**

*(1) Count 1*

SNI first moves for dismissal of Count 1, which asserts a strict products liability claim against SNI. Doc. 6, at 2–4. In her Complaint, Plaintiff alleges that SNI manufactured, designed, assembled, distributed, and sold SNI hip replacement systems; SNI sold and placed its hip replacement system for use in Thompson's hip replacement surgery; Thompson underwent a second surgery to replace the "failed femoral head, polyethylene and acetabular shell including its locking mechanism," and that the SNI hip replacement system left control of SNI in a condition that was unreasonably dangerous, defective, and unsafe because of the poor quality of the components that were likely to fail. Doc. 1-3, at 6–8.

SNI argues that Plaintiff's Complaint does not sufficiently allege a strict products liability cause of action against it because Plaintiff fails to allege how the product was defective in either manufacture or design. Doc. 6, at 2.

"Under Illinois law, it is well-settled that recovery in a strict product liability action requires a plaintiff plead and prove that 'the injury complained of resulted from a condition of the product, that the condition was unreasonably dangerous, and that it existed at the time the product left the manufacturer's control.'" *Smith v. Phoenix Seating Sys., LLC*, 894 F. Supp. 2d

3

1088, 1093 (S.D. Ill. 2012) (quoting *Mikolajczyk v. Ford Motor Co.*, 231 Ill. 2d 516 (2008)). A plaintiff may prove that a product is unreasonably dangerous by showing "a physical defect, a design defect, or a failure of the manufacturer to warn of the danger or to instruct on the proper use of the product." *Id.*

Here, Plaintiff's Complaint sufficiently alleges each element of a strict products liability claim. Specifically, she alleges that the condition of the product—a failure of the "femoral head, polyethylene and acetabular shell including its locking mechanism"—caused Thompson to undergo additional surgeries and suffer pain. She alleges that, due to the poor quality of the components, SNI's hip replacement system was likely to fail during ordinary use and was therefore unreasonably dangerous for its intended purpose, and that the design or manufacturing defect was present when it left SNI's control. These allegations are sufficient to state a strict products liability claim. Accordingly, Defendant's Motion to Dismiss is denied at to Count 1.

*(2) Count 2*

Next, SNI moves to dismiss Count 2, which asserts a breach of warranty claim against SNI. In her Complaint, Plaintiff alleges that SNI impliedly and expressly warranted that the hip replacement system and materials were of merchantable quality under the Uniform Commercial Code, that SNI breached the implied and express warranties because the hip replacement system and material were not of merchantable quality, and that Thompson suffered injuries as a result. Doc. 1-3, at 8–9.

SNI argues that Plaintiff's breach of express warranty claim should be dismissed because Plaintiff fails to identify the actual terms of the purported express warranty or facts related to the warranty. Doc. 6, at 5. Additionally, SNI argues that Plaintiff's breach of implied warranty claim should be dismissed because Plaintiff fails to allege the condition that made the medical device

4

not merchantable at the time of sale, or how the condition caused her damages. Further, SNI argues that Plaintiff failed to plead that she gave SNI notice that the device did not work as intended.

In her Response, Plaintiff asserts that she "also put Defendant on notice of said defect," but that allegation is not set forth in Plaintiff's Complaint. Doc. 10, at 3. Additionally, Plaintiff argues in her Response that "Defendant impliedly warranted to Plaintiff, Plaintiff's physicians and health care providers, that the hip replacement products were of merchantable quality and safe for the use for which it was intended." Doc. 10, at 3–4.

"In a breach of express warranty action under the Illinois UCC, plaintiff must show a breach of an affirmation of fact or promise that was made a part of the basis of the bargain." *Oggi Trattoria & Caffe, Ltd. v. Isuzu Motors Am., Inc.*, 372 Ill. App. 3d 354, 360 (1st Dist. 2007) (quoting *Hasek v. DaimlerChrysler Corp.*, 319 Ill. App. 3d 780, 788 (1st Dist. 2001)). "Since express warranties are contractual in nature, the language of the warranty itself is what controls and dictates the obligations and rights of the various parties." *Id*. (quoting *Hasek*, 319 Ill. App. 3d at 788). Thus, to state a claim for breach of an express warranty, the plaintiff must state the terms of the express warranty or attach the warranty to the complaint. *Bd. of Educ. of City of Chicago v. A, C & S, Inc.*, 131 Ill. 2d 428, 460 (1989).

Here, Plaintiff fails to identify the terms of the purported express warranty or to separate the express warranty allegations from the implied warranty allegations. Accordingly, Defendant's Motion is granted with respect to the express warranty claims. Plaintiff may replead her breach of express warranty claim if she is able to identify the terms of the purported warranty.

To state a claim under Illinois law for breach of an implied warranty of merchantability, "a plaintiff must allege that '(1) the defendant sold goods that were not merchantable at the time

5

of sale; (2) the plaintiff suffered damages as a result of the defective goods; and (3) the plaintiff gave the defendant notice of the defect.' " *See, e.g., CHS Acquisition Corp. v. Watson Coatings, Inc.*, No. 17-CV-4993, 2018 WL 3970137, at *7 (N.D. Ill. Aug. 20, 2018) (quoting *Baldwin v. Star Sci., Inc.*, 78 F. Supp. 3d 724, 741 (N.D. Ill. 2015)). In order for goods to be merchantable, they must be, *inter alia*, fit for the ordinary purposes for which they are used. 810 ILCS 5/2-314; *Baldwin*, 78 F. Supp. 3d at 741.

Here, Plaintiff fails to allege the condition that made the medical device not merchantable at the time of sale. It is likely that Plaintiff could cure this defect by incorporating some of the allegations in Count 1 (paragraph 14a-e) in her breach of implied warranty claim. Additionally, Plaintiff also fails to plead that she gave notice to SNI of the alleged defect. Accordingly, the Court grants Defendant's Motion with respect to the implied warranty claim, but allows Plaintiff leave to replead this claim if she has a good faith basis for doing so.

*(3) Count 3*

Finally, SNI moves to dismiss Plaintiff's negligence claim. In her Complaint, Plaintiff alleges that SNI had a duty to manufacture, distribute, and sell the hip replacement system that was safe and would not cause harm to foreseeable users. Plaintiff also alleges SNI had a duty to provide instructions concerning the proper use of the hip replacement system and to provide warnings of the dangers associated with using such system. Plaintiff further alleges that she followed all post-operation instructions "in accordance with the product" and "as directed by the plaintiff's physician." Doc. 1-3, at 9–10. Plaintiff goes on to allege that SNI acted or failed to act in the following ways:

- failed to engage properly with the patient in the placement and use of the product;
- failed to warn of the potential for failed systems and components of the hip replacement system;
- failed to specify any remedies for the failed system;

6

- failed to properly manufacture and inspect the components of the hip replacement system;
- failed to appropriately size the correct system for use in the plaintiff; and
- failed to place a working and functional hip replacement system in plaintiff.

Doc. 1-3, at 10.

SNI argues that dismissal of Plaintiff's negligence claim is appropriate because Plaintiff fails to allege how SNI allegedly failed to properly manufacture and inspect the components of the hip replacement system. Doc. 6, at 6. SNI also argues that the learned intermediary doctrine bars Plaintiff's negligence claims. *Id*. at 7.

"To establish a cause of action for negligence, a plaintiff must show the following elements: the existence of a legal duty owed by the defendant to the plaintiff; breach of that duty; a resulting compensable injury to the plaintiff; and that the breach was the proximate cause of the injury." *Brobbey v. Enter. Leasing Co. of Chicago*, 404 Ill. App. 3d 420, 430 (1st Dist. 2010). However, "[u]nlike strict liability, under a theory of negligence it is not sufficient to show that the product is defective or not reasonably safe; the plaintiff must also show that the defendant breached a duty owed to plaintiff." *Id*. (citing *Cornstubble v. Ford Motor Co.,* 178 Ill. App. 3d 20, 24 (5th Dist. 1988)). Thus, "not only must plaintiff prove that the product was not reasonably safe, but also that the defendant knew, or in the exercise of ordinary care should have known, of that unsafe condition." *Id*. (citing *Cornstubble*, 178 Ill. App. 3d at 24). In other words, "[t]he key distinction between a negligence and strict liability claim is the concept of fault, as a defendant's fault, in addition to the condition of the product, is at issue in a negligence claim." *Smith v. Phoenix Seating Sys., LLC*, 894 F. Supp. 2d 1088, 1098 (S.D. Ill. 2012). "In medical device cases, Illinois employs the learned intermediary doctrine, under which manufacturers have a duty to warn physicians of a 'device's dangerous propensities, and physicians, in turn, using their medical judgment, have a duty to convey any relevant warnings to their patients.' " *Griffin v.*

*Medtronic, Inc.*, No. 17 CV 927, 2017 WL 4417821, at *3 (N.D. Ill. Oct. 5, 2017) (quoting *Hansen v. Baxter Healthcare Corp.*, 309 Ill. App. 3d 869, 881 (1st Dist. 2002)).

Here, Plaintiff fails to rebut Defendant's arguments with respect to the negligence claim. Rather, Plaintiff simply asserts that she should be allowed to conduct discovery and then amend her Complaint. Doc. 10, at 4–5. The Court agrees with Defendant that Plaintiff fails to allege how SNI failed to properly manufacture and inspect the components of the hip replacement system. Again, it is likely that Plaintiff could cure this defect by incorporating some of the allegations in Count 1 (paragraph 14a-e) in her negligence claim. Moreover, Plaintiff's allegations that SNI "failed to engage properly with the patient," "failed to warn of the potential for failed systems and components," "failed to specify any remedies for the failed system" and "failed to appropriately size the correct system for use in plaintiff" are both conclusory and appear to be barred by the learned intermediary doctrine. *See Griffin v. Medtronic, Inc.*, No. 17 CV 927, 2017 WL 4417821, at *4 (N.D. Ill. Oct. 5, 2017) ("[U]nder the learned intermediary doctrine, Medtronic did not owe Griffin a duty to warn him of anything, so any claim based on a failure to warn Griffin is dismissed.").

Because Plaintiff has not had the opportunity to file a complaint in this Court or to amend her original Complaint, the Court will allow Plaintiff 21 days to file an amended complaint curing the deficiencies identified above. However, Plaintiff is cautioned that a failure to respond to the alleged deficiencies identified in a motion to dismiss will result in dismissal. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 718, 721 (7th Cir. 2011) ("[A] litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss."); *Grzanecki v. Smith & Nephew, Inc.*, No. 18-CV-00204, 2019 WL 2297452, at *3 (N.D. Ill. May 30, 2019) (stating that the plaintiff "forfeited her right to continue litigating her claim" against the defendant by

failing to respond to a motion to dismiss); *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1043 (7th Cir. 1999).

**(B) Mitzelfelt's Motion to Dismiss**

Finally, Dr. Mitzelfelt moves for dismissal for lack of subject matter jurisdiction. Docs. 7, 8. Dr. Mitzelfelt was named as a respondent in discovery in the state court action. *See* 735 ILCS 5/2-402. In Illinois, respondents in discovery are distinguished from named defendants. *Boothe v. Marshall Browning Hosp.*, No. 12-CV-025-MJR-SCW, 2012 WL 3308778, at *2 (S.D. Ill. Aug. 13, 2012) ("This Court reads Section 2–402 as plainly distinguishing a respondent in discovery from a party defendant. It is axiomatic that if the statute provides a process by which a respondent in discovery may become a defendant, then a respondent in discovery is not a defendant to an action."). In his Motion, Respondent Mitzelfelt argues that he is not a named defendant and should therefore be dismissed from this case. Plaintiff failed to respond to Mitzelfelt's Motion, and it does not appear that Plaintiff intends to pursue any claims against Mitzelfelt in this case. Accordingly, the Court grants Respondent Mitzelfelt's Motion and dismisses him from this case. *Alioto*, 651 F.3d at 721 (7th Cir. 2011).

## CONCLUSION

For the reasons set forth above, Defendant SNI's Motion (Doc. 5) is GRANTED in part and DENIED in part, and Respondent Mitzelfelt's Motion (Doc. 7) is GRANTED. The Clerk is directed to dismiss Respondent Mitzelfelt from the case. Plaintiff may file an amended complaint curing the deficiencies identified above with 21 days of this Order.

Signed on this 13th day of September, 2019.

s/ James E. Shadid
James E. Shadid
United States District Judge
